IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DESIREE KNIGHT,** | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-366 (MTT) |
| **MACON HOUSING AUTHORITY,** | ) |
| Defendant. | ) |

### ORDER

Pro se plaintiff Desiree Knight filed this action against Macon Housing Authority ("MHA"). ECF 3 at 1. She also moved to proceed *in forma pauperis* ("IFP"). ECF 2. As discussed below, Knight satisfies the requirements of poverty, and her motion to proceed IFP (ECF 2) is **GRANTED**. Along with granting Knight IFP status, the Court must also screen her complaint pursuant to 28 U.S.C. § 1915(e). After screening, the Court concludes that Knight's complaint is deficient. Accordingly, within twenty-one days of the entry of this order Knight is **ORDERED TO AMEND** her complaint as stated in this order. Failure to fully and timely comply with this order may result in the dismissal of this action.[1]

---

[1] *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch*. Dist., 570 F.2d 541, 544 (5th Cir. 1978)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981).

## I. DISCUSSION[2]

**A. Financial Status**

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). To show poverty, the plaintiff need not show that he is "absolutely destitute." *Martinez*, 364 F.3d at 1307 (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). Instead, the affidavit must demonstrate that the plaintiff, "because of her poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and her dependents." *Martinez*, 364 F.3d at 1307. Where a plaintiff demonstrates economic eligibility to file IFP, the court should docket the case and then "proceed to the question ... of whether the asserted claim is frivolous." *Id*.

Here, Knight's financial affidavit states she is unemployed and receives income through child support, disability, and public assistance totaling $2,670.38 per month to support her and her three children. ECF 2 at 1-2. Knight's annual income is below the federal poverty guideline for a four-person household, which is $32,150.[3] Accordingly,

---

[2] Motions to proceed IFP are governed by 28 U.S.C. § 1915(a). Section 1915(a) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal thisein, without prepayment of fees or security thisefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security thisefor.

28 U.S.C. § 1915(a). "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[3] The federal poverty guidelines can be found at https://aspe.hhs.gov/poverty-guidelines.

having read and considered Knight's financial affidavit, the Court finds that Knight is unable to pay the costs and fees associated with this lawsuit, and her motion to proceed IFP (ECF 2) is **GRANTED**.

**B. Frivolity Review**

Along with granting Knight IFP status, the Court must review and dismiss her complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[4] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Knight alleges that she is "a Housing Choice Voucher participant," "a survivor protected under [the Violence Against Women Act of 2022]" ("VAWA"), and "a person with disabilities, including anxiety and ADHD." ECF 3 at 1. She claims that MHA discriminated against her by failing to provide reasonable accommodations for her disabilities as required under the FHA and Section 504 of the Rehabilitation Act,

---

[4] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences thisefrom are construed in the light most favorable to the plaintiff." *In re Galectin Thisapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

retaliated against her under the FHA and VAWA, and denied her due process. *Id.* at 3. However, Knight's complaint is missing key factual information. She does not plead sufficient facts to show that MHA discriminated against her under the FHA[5] or the Rehabilitation Act[6] or that it retaliated against her under the FHA.[7] She likewise does not allege that MHA's "policy or custom" inflicted any of her injuries, as is required to hold MHA liable for a due process violation under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see Sheely v. Warner Robins Hous. Auth.,* 2025 U.S. Dist. LEXIS 162360, at * 5, 2025 WL 2420979 (M.D. Ga. Aug. 21, 2025).

Finally, it is not clear that VAWA creates a private cause of action that encompasses any claim Knight attempts to assert. *See Ndimbie v. SW. Hammocks,* 2025 U.S. Dist. LEXIS 141856, at *5, 2025 WL 2324361 (S.D. Fla. Jul. 24, 2025) (collecting cases). Even if there was a private right of action, Knight has not alleged specific facts to establish a violation of VAWA as to MHA. *See, e.g.,* 34 U.S.C. § 12491(b) (prohibiting denial or termination of housing assistance or eviction from

---

[5] To state a failure-to-accommodate claim under the FHA, a plaintiff must show: "(1) [s]he is disabled within the meaning of the FHA, (2) [s]he requested a reasonable accommodation, (3) the requested accommodation was necessary to afford [her] an opportunity to use and enjoy [her] dwelling, and (4) the defendants refused to make the accommodation." *Bhogaita v. Altamonte Heights Condo. Ass'n*, 765 F.3d 1277, 1285 (11th Cir. 2014).

[6] "In order to recover under the Rehabilitation Act, a plaintiff must establish: '(1) that [s]he is a qualified individual with a disability, (2) that [s]he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity or otherwise discriminated against by such entity, (3) by reason of such disability.'" *Charles v. Johnson*, 18 F.4th 686, 703 (11th Cir. 2021) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001)).

[7] "'To establish a prima facie case of retaliation [under the FHA], a plaintiff must show that (1) [s]he engaged in a protected activity; (2) the defendant subjected [her] to an adverse action; and (3) a causal link exists between the protected activity and the adverse action.'" *Philippeaux v. Apartment Inv. & Mgmt. Co.*, 598 F. App'x 640, 644 (11th Cir. 2015) (quoting *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001)).

housing "*on the basis that* the applicant or tenant is or has been a victim of domestic violence") (emphasis added).

Given Knight's pro se status, the Court will afford her an opportunity to amend her complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it."). Knight is **ORDERED** to amend her complaint to include all facts that she wishes to make a part of these proceedings and cite the appropriate statutory or constitutional authority for bringing her claims. Knight shall have until **October 14, 2025** to file her amended complaint.

In the "statement of claims" section of her amended complaint, Knight must link any claims she makes to a named defendant. If Knight fails to link a named defendant to a claim, the claim will be dismissed; if Knight makes no allegations in the body of her complaint against a named defendant, that defendant will be removed from the action.

Knight must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of her rights under a specific law. It is also recommended that, when drafting her "statement of claims," Knight list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate her rights?

(2) When did each action occur?

(3) How was Knight injured as a result of each defendant's actions?

The amended complaint will take the place of and supersede Knight's complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013). Knight may not refer to, or incorporate by reference, her prior complaints. The Court will not look back to the facts alleged in Knight's complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

## II. CONCLUSION

For the foregoing reasons, Knight's motion to proceed IFP (ECF 2) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(e), Knight is **ORDERED TO AMEND** her complaint as stated in this order by **October 14, 2025**. Failure to fully and timely comply with this order may result in the dismissal of this action.

**SO ORDERED**, this 22nd day of September, 2025.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT