IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DESIREE KNIGHT, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-366 (MTT) |
| MACON HOUSING AUTHORITY, | ) |
| Defendant. | ) |

## ORDER

Pro se plaintiff Desiree Knight filed this action against Macon Housing Authority ("MHA") on August 27, 2025. ECF 3 at 1. She also moved to proceed *in forma pauperis* ("IFP"). ECF 2. The Court granted Knight IFP status, but because Knight's complaint was lacking, the Court ordered her to amend her complaint before it conducted a frivolity review pursuant to 28 U.S.C. § 1915. ECF 5. Knight filed her amended complaint on September 25, 2025. ECF 7. For the following reasons, Knight's due process violation claim may proceed against MHA for further factual development. Her remaining claims are **DISMISSED** without prejudice.

### I. BACKGROUND

Knight alleges that she is "a participant in the Section 8 Housing Choice Voucher program, and an individual with disabilities, including anxiety and ADHD." ECF 7 ¶ 3. She moved into a rental unit around March 28, 2025. *Id.* ¶ 5. Shortly after moving into the unit, she discovered defects, including "inadequate air circulation in the fourth bedroom, cracks around doors, and hazardous trees on the property." *Id.* ¶¶ 5, 6. On July 1, 2025, Knight submitted a written "Special Inspection Request" documenting the

defects. *Id.* ¶ 7. Knight sent multiple email follow-ups on this request and vacated the property at some point. *Id.* ¶ 7. On July 24, 2025, an MHA caseworker confirmed receipt of Knight's "emergency transfer request under VAWA."[1] *Id.* ¶ 8. On an unalleged later date, the same MHA caseworker denied that such transfers were available. *Id.*

Knight's new rental unit passed inspection on August 22, 2025. *Id.* ¶ 9. However, MHA informed Knight that her lease would not be processed until September 30, 2025, "effectively placing Plaintiff and her children at risk of homelessness and financial loss." *Id*. On August 27, 2025, MHA denied Knight's request for a minimum rent hardship adjustment in a letter that "dismissed" Knight's various financial hardships "without proper analysis under HUD guidelines." *Id.* ¶ 10. That same day, Knight filed a motion for a temporary restraining order "to protect her family from displacement" based on MHA's alleged failure to implement her VAWA transfer. ECF 1 at 1.

On August 30, 2025, Knight timely requested a hearing on the hardship denial. ECF 7 ¶ 11. MHA responded to the Special Inspection Request on September 3, 2025. *Id.* ¶ 7. On September 16, 2025, MHA scheduled a hearing on the hardship denial. *Id.* ¶ 12. The hearing was held on September 23, 2025, "presided over by an MHA employee rather than an impartial officer." *Id*. At the hearing, Knight was "antagonized by three MHA employees, … humiliated in front of her child, and subjected to dismissive treatment." *Id.* ¶ 13. MHA staff "downplayed" her hardships, stating that "[e]veryone in Georgia has high utility bills." *Id*. She left the hearing agitated and distressed, which also distressed her child. *Id.* ¶ 14.

---

[1] It is not clear to the Court whether the "emergency transfer request under VAWA" is the same or different from the "Special Inspection Request" Knight submitted on July 1, 2025.

## II. STANDARD

Section 1915 does not create an absolute right to proceed IFP in civil actions. 28 U.S.C. § 1915. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up). The Court shall dismiss the case if it determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) [for failure to state a claim] is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Knight is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (internal quotation marks and citation omitted). But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted).

to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

## III. DISCUSSION

Knight claims MHA violated the Fair Housing Act ("FHA"), Section 504 of the Rehabilitation Act of 1973, and the Due Process Clause of the Fourteenth Amendment. ECF 7.

### A. FHA Failure-to-Accommodate

The Fair Housing Act provides that it is unlawful to refuse to rent or otherwise discriminate against any person in the "terms, conditions, or privileges of sale or rental of a dwelling," including by refusing to "make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f). To state a failure-to-accommodate claim under the FHA, a plaintiff must show: (1) she is disabled within the meaning of the FHA, (2) she requested a reasonable accommodation, (3) the requested accommodation was necessary to afford her an opportunity to use and enjoy her dwelling, and (4) the defendants refused to make the accommodation. *Bhogaita v. Altamonte Heights Condo. Ass'n*, 765 F.3d 1277, 1285 (11th Cir. 2014). The FHA's reasonable accommodation provision requires only those accommodations that may be necessary to afford equal opportunity to use and enjoy a dwelling. *Philippeaux v. Apartment Inv. & Mgmt. Co.*, 598 F. App'x 640, 644 (11th Cir. 2015) (quoting *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1226 (11th Cir. 2008)). An accommodation is only "necessary" if it "alleviates the effects" of an

4

impairment that limits a person's ability to, among other things, walk, see, hear, or work. *Schaw v. Habitat for Human. of Citrus Cnty., Inc.*, 938 F.3d 1259, 1270 (11th Cir. 2019).

Knight alleges, in a conclusory fashion, that she is "an individual with disabilities, including anxiety and ADHD, within the meaning of the FHA and Section 504." ECF 7 ¶ 3. But she does not allege how ADHD and anxiety affects or limits her abilities. Nor does she explain how any "accommodation" she requested was reasonable or necessary. First, Knight alleges that she submitted a Special Inspection Request on July 1, 2025 for her rental unit based on defects such as "inadequate air circulation in the fourth bedroom, cracks around doors, and hazardous trees on the property." ECF 7 ¶¶ 6-7. But she does not explain how addressing inadequate air circulation, cracks around doors, and hazardous trees would alleviate the effects of her anxiety and ADHD. And Knight vacated her unit before MHA responded to this request. *Id.* Second, Knight alleges that MHA denied her request for a minimum rent hardship adjustment and held a hearing on the denial on September 23, 2025. *Id.* ¶¶ 10, 12. But again, Knight fails to explain how a minimum rent hardship adjustment is a necessary accommodation to alleviate the effects of her anxiety and ADHD.

Accordingly, Knight fails to state a failure-to-accommodate claim under the FHA.

### B. FHA Retaliation

The FHA's anti-retaliation provision makes it "unlawful to coerce, intimidate, threaten, or interfere with any person … on account of his having exercised or enjoyed ... any right granted or protected by" the FHA. 42 U.S.C. § 3617. To state a claim under this provision, a plaintiff must allege that (1) she engaged in a protected activity, (2) the defendant subjected her to an adverse action, and (3) a causal link exists between the

5

protected activity and the adverse action. *Philippeaux*, 598 F. App'x at 644 (quoting *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001))[3]. Knight claims that she engaged in protected activity by requesting accommodations, filing grievances, and seeking judicial relief. ECF 7 ¶ 26. Assuming this was protected activity under the FHA[4], Knight fails to plausibly allege an adverse action.[5] She claims that MHA retaliated against her by "ignoring requests, delaying responses, conducting a biased heating, and humiliating her in front of her child." *Id.* ¶ 27. But Knight concedes that MHA eventually responded to both her Special Unit Inspection Request and request for hearing on the denial of her minimum rent hardship adjustment. *Id.* ¶¶ 7, 12. In essence, she complains that MHA did not move fast enough in responding to her requests. Mere delay and the allegedly biased hearing, where an MHA officer presided and MHA staff were dismissive of Knight in the presence of her child, would not amount to "interference," let alone coercion, intimidation, or threat, sufficient to deter a reasonable person from engaging in protected activity. These allegations fall short of an adverse action, and Knight has failed to establish her prima facie case.[6]

---

[3] The Eleventh Circuit "ha[s] not articulated the elements of a *prima facie* FHA-retaliation case in published caselaw." *Philippeaux v. Mia. Apts. Invs., LLC*, 2025 U.S. App. LEXIS 1468, at *16 (11th Cir. Jan. 23, 2025).

[4] *See* 24 C.F.R. § 100.400(c)(5).

[5] An adverse action can take a variety of forms, but it must be sufficiently harmful to deter a reasonable person in the plaintiff's circumstances from engaging in the protected activity. *See Bone v. Vill. Club, Inc.*, 223 F. Supp. 3d 1203, 1218-19 (M.D. Fla. 2016). "Section 3617 does not require a showing of force or violence for coercion, interference, intimidation, or threats to give rise to liability." *Sackman v. Balfour Beatty Communities, LLC*, 2014 U.S. Dist. LEXIS 125389, 2014 WL 4415938, at *10 (S.D. Ga. Sept. 8, 2014) (cleaned up); *see also King v. Metcalf 56 Homes Ass'n*, 385 F. Supp. 2d 1137, 1143 (D. Kan. 2005) (reviewing Sixth, Seventh, and Ninth Circuit opinions and determining that "interference" under § 3617 reaches a broad range of conduct and does not require "egregious" acts such as firebombing, cross burning, or physical assault).

[6] Even if the Court assumes that Knight plausibly alleges an adverse action, she has not pleaded a causal link between her protected activity and any adverse action. She specifically alleges that MHA acted

Accordingly, Knight fails to state an FHA retaliation claim.

### C. Section 504 Disability Discrimination

To recover under the Rehabilitation Act, a plaintiff must establish: (1) that she is a qualified individual with a disability, (2) that she was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity or otherwise discriminated against by such entity, (3) by reason of such disability. *Charles v. Johnson*, 18 F.4th 686, 703 (11th Cir. 2021) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001)). For Rehabilitation Act purposes, a "disability" is "a physical or mental impairment that substantially limits one or more major life activities." *See* 29 U.S.C. § 705(9)(B) (cross-referencing 42 U.S.C. § 12102). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Knight does not identify any major life activity that her ADHD and/or anxiety interferes with, nor does she allege how these conditions substantially limit any of her major life activities. Further, she has not pleaded any facts to suggest her disabilities motivated MHA's conduct in any way. She does not even allege that MHA was aware of her disabilities.

Accordingly, Knight fails to state a Section 504 disability discrimination claim.

---

quickly in response to her judicial actions, explaining that "MHA ignored [her] request [on the hardship adjustment denial] until after she filed her Complaint with this Court." *Id.* ¶ 11. Similarly, she alleges that MHA "failed to respond [to her Special Inspection Request] until September 3, 2025—after Plaintiff had filed a TRO in federal court and vacated the property." *Id.* ¶ 7. Thus, rather than retaliation, Knight appears to allege that judicial action prompted MHA to respond more quickly to her requests.

### D. Due Process Violation

Under 42 U.S.C. § 1437d(k), each public housing agency receiving federal assistance is required by regulation "to establish and implement an administrative grievance procedure under which tenants will ... have an opportunity for a hearing *before an impartial party* upon timely request ...." 42 U.S.C. § 1437d(k) (emphasis added). 24 C.F.R. § 966.56(a) provides procedures governing the hearing, specifically that "[t]he hearing must be scheduled promptly for a time and place reasonably convenient to both the complainant and the PHA and held before a hearing officer." *Id*.

Knight alleges that MHA is a public housing agency that receives federal financial assistance, that she timely requested a hearing on MHA's denial of her minimum rent hardship adjustment, and the hearing was presided over by a "MHA employee lacking impartiality." ECF 7 ¶¶ 4, 11, 12, 25. Liberally construing the complaint and drawing all reasonable inferences in Knight's favor, the Court finds that Knight arguably states a claim for violation of due process.[7]

## IV. CONCLUSION

Knight's due process violation claim may proceed against MHA for further factual development. Knight's failure to accommodate and retaliation claims under the FHA, and her Section 504 claim, are **DISMISSED** without prejudice. Accordingly, it is **ORDERED** that service be made on MHA by the United States Marshal Service.

---

[7] *Wright v. City of Roanoke Redevelopment & Housing Auth.*, 479 U.S. 418, 432 (1987) held that public housing tenants may bring 42 U.S.C. § 1983 actions to enforce their rights under the Brooke Amendment of the United States Housing Act. However, *Medina v. Planned Parenthood S. Atl.*, 606 U.S. ___, 145 S. Ct. 2219, 2234, 222 L. Ed. 2d 567 (2025) overruled *Wright*'s reasoning. *See* 606 U.S. ___, 145 S. Ct. at 2234 ("Some lower court judges ... still consult *Wilder*, *Wright*, and *Blessing* when asking whether a spending-power statute creates an enforceable individual right. They should not.") (internal citations omitted).

Knight is advised that she must serve upon opposing counsel (or MHA if it is not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) filed with the Clerk of Court. Fed. R. Civ. P. 5(a). Knight shall include with any paper which is filed with the Clerk of Court a certificate stating the date on which a true and correct copy of that paper was mailed to MHA or its counsel. The Clerk of Court will not serve or forward to MHA or its counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party (Local Rule 33.1), (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34), and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

Knight is responsible for diligently prosecuting her complaint, and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. Knight is required to keep the Clerk of Court advised of her current address during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of this action.

**SO ORDERED**, this 21st day of November, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
