# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DESIREE KNIGHT, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-366 (MTT) |
| MACON HOUSING AUTHORITY, | ) |
| Defendant. | ) |

## ORDER

Knight filed a motion for a temporary restraining order ("TRO") and a motion to proceed *in forma pauperis* ("IFP") on August 27, 2025. ECF 1; 2. She filed a complaint on September 9, 2025. ECF 3. The Court granted Knight's motion to proceed IFP and ordered Knight to file an amended complaint, which she did. ECF 5; 7. On November 21, 2025, the Court dismissed the Fair Housing Act ("FHA") and Rehabilitation Act claims in Knight's amended complaint but allowed her due process claim against Macon Housing Authority ("MHA") to go forward. ECF 9. The Court now considers Knight's motion for a TRO. ECF 1.

A TRO or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint.[1] *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). To obtain a TRO, a

---

[1] The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

plaintiff must demonstrate: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that granting the relief would not be adverse to the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

The Court has already screened Knight's amended complaint and dismissed her FHA and Rehabilitation Act claims, which were based on more detailed and current versions of the facts alleged in her motion for a TRO. *Compare* ECF 1 at 1-2 (alleging Knight's inspection and transfer requests and application for a minimum rent hardship exemption and MHA responses); ECF 7 at 1-2 (same). The only claim going forward is Knight's due process claim, which rests on Knight's allegation that the minimum rent hardship exemption hearing held on September 23, 2025 was presided over by a MHA employee rather than an impartial party. *See* ECF 9 at 8. At the time Knight filed her motion for a TRO, this hearing and the alleged violation had not yet occurred. Accordingly, Knight's motion for a TRO fails to establish a substantial likelihood of success on the merits and her motion for a TRO (ECF 1) is **DENIED**.[2]

**SO ORDERED**, this 12th day of December, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Court need not discuss the other elements of the TRO/preliminary injunction standard. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) (stating that the moving party is not entitled to a preliminary injunction unless it establishes its burden as to all four prerequisites).